UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE

MISCELLANEOUS CASE FILE: 3:05CV-P251-C

**IN RE THE MATTER OF LEONARD HENSLEY**

**MEMORANDUM OPINION AND ORDER**

On April 22, 2005, the undersigned received a letter from Leonard Hensley. Mr. Hensley asserts that he has been confined in an unspecified jail for over eighteen (18) months without ever having been afforded a trial. He states that he is currently confined in the Adair County Regional Jail which is within the territory of the United States District Court for the Western District of Kentucky.

Mr. Hensley does not set forth the charges upon which he is presently confined. It is unclear whether he has spent all of the alleged eighteen months of confinement in the Adair County Regional Jail. Mr. Hensley does not assert that he has ever entered a guilty plea to charges such that it might have caused his present confinement.

Mr. Hensley may be attempting to assert that he has been unjustifiably held in violation of Sections Two, Three, and Eleven of the Kentucky Constitution and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

"When a state prisoner is challenging the very fact or duration of his physical

1

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Thus, it is construed that Mr. Hensley is seeking to bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 before this court.

A state pretrial detainee alleging an excessive delay in bringing him to trial, in violation of the Sixth Amendment right to a speedy trial, may bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Maust v. O'Grady*, 761 F.Supp. 543 (N.D. Ill. 1991). In that action, the court noted:

> While habeas corpus petitions are usually considered to be a postconviction remedy, in certain instances the federal courts have assumed jurisdiction over pre-trial detainees in state custody pursuant to 18 U.S.C. § 2241(c)(3). [n.2] *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 35 L.Ed.2d 443, 93 S.Ct. 1123 (1973); *Neville v. Cavanagh*, 611 F.2d 673 (7th Cir. 1979), cert. denied, 446 U.S. 908, 64 L.Ed.2d 260, 100 S.Ct. 1834 (1980). While the federal courts have jurisdiction in such cases, they are reluctant to employ it in deference to the requirements of comity and look for "special circumstances" before interfering prior to a state conviction. *Ex parte Royall*, 117 U.S. 241, 253, 6 S.Ct. 734, 741, 29 L.Ed. 868 (1886), quoted in *Braden*, 410 U.S. at 489 . . . .
>
> The federal courts demonstrate a strong bias in favor of giving the state courts an opportunity to review the constitutional claims first. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Morrison v. Duckworth*, 898 F.2d 1298, 1300 (7th Cir. 1990). In order to address the comity concerns, principles of mandatory exhaustion of state remedies have been developed. *Braden*, 410 U.S. at 490 . . . . Exhaustion, however, is not a jurisdictional requirement and does not go to the power of the federal court to entertain habeas petitions. *Echevarria v. Bell*, 579 F.2d 1022, 1025 (7th Cir. 1978).

*Maust*, 761 F.Supp. at 545-46.

In *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976), the court considered a petition for writ of habeas corpus under 28 U.S.C. § 2241, *et seq.*, wherein the petitioner, a state inmate seeking to be brought to trial on outstanding state indictments, claimed that his Sixth Amendment right to a speedy trial had been or was being violated. In *Brown*, the court noted:

> An initial question is whether petitioner has any right to invoke federal habeas corpus in view of the fact that he has not yet been tried on the indictments in question. The answer is provided in large part by the Supreme Court's decision in *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The Court there reiterated the long established principle that "federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 490, 93 S.Ct. at 1127, 35 L.Ed.2d at 449. The Court held, however, that there was an important distinction between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial. *See Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met. *See Tooten v. Shevin,* 493 F.2d 173 (5 Cir. 1974), *cert. denied,* 421 U.S. 966, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975).

*Id.* at 1282-83.

It is unclear whether Mr. Hensley seeks dismissal of the state charges, or indictment, or whether he seeks to force the trial court to swiftly afford him a trial. Mr. Hensley must first bring his claims before the Kentucky courts, presumably in

3

Adair County. *Brown*, 530 F.2d 1280, 1282-83. Before a federal court can consider Mr. Hensley's situation, Mr. Hensley must first:

(1) file a motion for appointment of counsel with the Clerk of the court wherein his criminal charges are pending; and/or

(2) file a motion to dismiss his criminal charges with the Clerk of the court wherein his state or county criminal charges are pending. If neither of these motions gets a response from the state or county court within a reasonable time, then Mr. Hensley may:

(3) file a petition for a writ of mandamus with the Kentucky Court of Appeals to compel the trial judge to rule on his pending motion to dismiss and/or motion for appointment of counsel, or to compel the trial judge to proceed to trial of Mr. Hensley's case. The address of the Kentucky Court of Appeals is 360 Democrat Drive, Frankfort, Kentucky, 40601; or

(4) Mr. Hensley may file a writ of habeas corpus with the state trial court. It is clear that the plaintiff/petitioner has a fundamental right guaranteed by Section 7 of the Kentucky Constitution to file a writ of habeas corpus. The statutory provisions of K.R.S. Chapter 419 implement the constitutional guarantee of the writ of habeas corpus in Kentucky.

If Mr. Hensley's attempts within the state courts to secure a speedy trial fail, at that point a federal court could consider the matter. *See Brown*, 530 F.2d at 1283.

## CONCLUSION

_____Accordingly, **IT IS HEREBY ORDERED**:

(1) The Clerk shall file this letter and consider it to be a 28 U.S.C. § 2241 writ of habeas corpus.

(2) The filing fee is waived in its entirety.

(3) This action is **DISMISSED** without prejudice for Petitioner Hensley's failure to first exhaust his state court remedies.

(4) Mr. Hensley is admonished that any future correspondence or pleadings must be directed to the Clerk of this court.

Signed on April 28, 2005

Jennifer B. Coffman, Judge
United States District Court

5